IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIAWAN BRITTON, | ) |
| | ) |
| Plaintiff, | ) |
| | )   CIVIL ACTION |
| vs. | ) |
| | )   FILE No. _____ |
| CAMPBELLTON CHEVRON LLC | ) |
| and GOVA ENTERPRISES LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, TIAWAN BRITTON, by and through the undersigned counsel, and files this, his Complaint against Defendants CAMPBELLTON CHEVRON LLC and GOVA ENTERPRISES LLC pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181, *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

1

## PARTIES

2. Plaintiff Tiawan Britton (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Defendant Campbellton Chevron LLC (hereinafter "Chevron") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

7. Chevron operates a business located at 4485 Campbellton Road, S.W., Atlanta, Georgia 30331, doing business as "Chevron Food Mart."

8. Chevron may be properly served with process via its registered agent for service, to wit: Rajab N. Kotadia, 2324 Lawrenceville Highway, Apt. #6, Decatur, Georgia 30350 (Dekalb County).

9. Chevron is the lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action. (The structures and

improvements situated upon such real property shall be referenced in their entirety as the "Facility").

10. Defendant Gova Enterprises LLC (hereinafter "Gova") is a Georgia limited liability company that transacts business in the state of Georgia and within this judicial district.

11. Gova is the owner or co-owner of the real property and improvements that the Facility is situated upon and that is the subject of this action, referenced herein as the "Property."

12. Gova may be properly served with process via its registered agent for service, to wit: Gordon Mercier, 4445 Parkview Drive, Lithia Springs, Georgia 30080 (Douglas County).

## FACTUAL ALLEGATIONS

13. On or about August 6, 2018, Plaintiff was a customer at "Chevron Food Mart" and "Wings & More 2 Go," businesses located at 4485 Campbellton Road, S.W., Atlanta, Georgia 30331.

14. Plaintiff lives in the near vicinity of the Facility and Property.

15. Plaintiff's access to the business(es) located at 4485 Campbellton Road, S.W., Atlanta, Georgia 30331, Fulton County Property Appraiser's parcel number 14F0043 LL0625, and/or full and equal enjoyment of the goods, services,

foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facility and Property, including those set forth in this Complaint.

16. Plaintiff has visited the Facility at least once before and intends on revisiting the Facility once the Facility is made accessible.

17. Plaintiff intends to revisit the Facility and Property to purchase goods and/or services.

18. Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facility and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.* (the "ADA").

20. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

21. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22. The Facility is a public accommodation and service establishment.

23. The Property is a public accommodation and service establishment.

24. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

25. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

26. The Facility must be, but is not, in compliance with the ADA and ADAAG.

27. The Property must be, but is not, in compliance with the ADA and ADAAG.

28. Plaintiff has attempted to, and has to the extent possible, accessed the Facility and the Property in her capacity as a customer of the Facility and Property, but could not fully do so because of her disabilities resulting from the

physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit her access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility and Property that preclude and/or limit his access to the Facility and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

30.     Defendants have discriminated against Plaintiff (and others with disabilities) by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

31. Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by Plaintiff and other persons with disabilities.

32. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facility and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facility and Property include, but are not limited to:

**(a) ACCESSIBLE ELEMENTS:**

(i) The credit card slots and/or actuators on the gas pumps servicing the Property are installed at a height exceeding 54 (fifty-four) inches from the ground, in violation of section 308.3.1 of the 2010 ADAAG standards.

(ii) The accessible parking spaces on the Property have a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(iii) The access aisle adjacent to the accessible parking spaces on the

7

        Property has a slope in excess of 1:48 (one to forty-eight), in violation of section 502.4 of the 2010 ADAAG standards.

(iv)    The above-described access aisle adjacent to the accessible parking spaces on the Property is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(v)    At least one of the accessible parking spaces on the Property is not level due to the presence of a ramp within its boundaries, in violation of section 502.4 of the 2010 ADAAG standards.

(vi)    The access aisle adjacent to the accessible parking spaces on the Property also has excessive vertical rises within its boundaries, in violation of section 303.2 of the 2010 ADAAG standards.

**(b)    RESTROOMS:**

(i)    The Chevron Food Mart portion of the Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii)    The restrooms in the Chevron Food Mart portion of the Facility lack proper door hardware, in violation of section 404.2.7 of the 2010 ADAAG standards.

(iii) Due to an apparent policy of situating a lottery kiosk in close proximity to the restrooms, the doors to the restrooms in the Chevron Food Mart portion of the Facility lack minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(iv) The grab bars in the accessible toilet stalls in the restrooms in the Chevron Food Mart portion of the Facility are not positioned in accordance with 609.4 and 604.5 of the 2010 ADAAG standards. Specifically, the rear grab bar is too short.

(v) The controls on the faucets in the restrooms in the Chevron Food Mart portion of the Facility require pinching and turning of the wrists, in violation of section 309.4 of the 2010 ADAAG standards.

(vi) Toilet paper dispensers in the restrooms in the Chevron Food Mart portion of the Facility are located outside the prescribed height and/or reach ranges set forth in section 604.9.6 of the 2010 ADAAG standards.

(vii) The paper towel dispensers in the restrooms in the Chevron Food Mart portion of the Facility are located outside the

prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(viii) The height of the coat hooks in the restrooms in the Chevron Food Mart portion of the Facility are above 48" (forty-eight inches) from the finished floor, in violation of section 308.2.1 of the 2010 ADAAG standards.

33. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.

34. Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory conditions present at the Facility and Property in violation of the ADA.

35. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

36. All of the violations alleged herein are readily achievable to modify to bring the Facility and Property into compliance with the ADA.

37. Upon information and good faith belief, the removal of the physical

barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature and cost of the modifications are relatively low.

38. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

39. Upon information and good faith belief, the Facility and Property have been altered since 2010.

40. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

41. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those alleged herein.

42. Plaintiff's requested relief serves the public interest.

43. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

44. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

45. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an order to modify the Facility and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)  That the Court find Campbellton Chevron LLC in violation of the ADA and ADAAG;

(b)  That the Court find Gova Enterprises LLC in violation of the ADA and ADAAG;

(c)  That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)  That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Facility and Property to make them readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)  That the Court award Plaintiff him reasonable attorneys' fees, litigation expenses and costs; and

(f)  That the Court grant such further relief as just and equitable in light of

the circumstances.

Dated: September 7, 2018.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich